Judge Underwood
delivered the opinion of the court.
Sansberry,'in his life time, as a carpenter or house joiner, did the wood work upon Thompson’s house, for which he rendered a bill and claimed, as compensation therefor, $1182 31. Thompson having paid between $300 and $400, the parties made a lumping bargain, in the language of the witness, and Thompson gave his note to Sans-berry for $300, upon which Sansberry’s administrator obtained judgment. Thompson injoined $200’ thereof, alleging that the work done by Sansberry, was performed badly, and in an unskilful, unwork-manlike manner, so that Thompson was injured thereby, and that Sansberry had imposed on him by charging much higher prices for his work than it was worth, and higher than l)y contract, iie had stipulated to do. The administrator of Sansberry, by his answer, puts the complainant upon proof, of every material allegation. The complainant, in his bill, states that Sans-berry agreed “to do the work upon the cheapest plan, and for as low or lower prices than any workman in the county *363 •mould do such work.'1'1 There is no proof which shows the true character and extent of any special contract, which, may have been entered into between the parties. It may be collected from the tenor of whole, that Sansberry was to have a fair price for his labor and no more. There is nothing in the evidence which varies the contract, from that, the law would imply. There is no averment in the bill, that Sans^ berry is insolvent. If Thompson has paid a full price for work, done in a negligent, unskilful manner, whereby he has been injured, he has his remedy at law. So far as the bill complains of the badness of the work, therefore, there is no cause for the interposition of the chancellor, without showing some special circumstances to give jurisdiction. None of the witnesses prove that the value of the work dpne by Sansberry, is less than the amount of the note executed by Thompson, and the payments made by him. The note and payments proved, including an allowance- of $29, for keeping Sansberry’s horse, amount to $688 38 only. The lowest bill of the work made out by' any workman examined as a witness, by the complainant, amounts to $751 69 1-2. The witness . does not state whether his valuation is in specie or notes on the Bank of the Commonwealth. There is nothing in the evidence showing that the lumping bargain.i made at the time the note was executed by Thompson, was superinduced by any fraud practised, by Sansberry at that time. Thompson had full knowledge of all the work which had been done. It was competent for him and Sansberry to settle and agree on the price of it. It is manifest, from the proof, that Thompson, in the settlement, docked the account. The proof on which he relies, to overreach this settlement-, consists, mainly, in statements destitute of precision, growing out of comparisons of workmen’s bills and loose conversations, without speaking of the real value of the work done by Sans-berry. It is too weak to justify a reversal of the decree, on his application.
Rudd, for plaintiff; Chapeze, for defendant.
Wherefore, the decree is affirmed, but without costs in favor of Sansberry’s administrator, he having, failed to appear in this court.